### Sucs. de Roses y Cía., S. en C., Recurrentes, *v.* El Registrador, Recurrido.

### Recurso gubernativo contra resolución del Ragistrador de la Propiedad de Arecibo.

No. 140.—Resuelto en abril 4, 1913.

Hipoteca Otorgada por los Herederos Sobre una Finca Inscrita a Nombre del Causante.—Una hipoteca otorgada por los herederos sobre una finca inscrita a nombre del causante, no puede inscribirse hasta que la finca gravada se inscriba a nombre de los herederos.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Manuel Paz Urdaz.*

El registrador no compareció.

El Juez Asociado Sr. Aldrey, emitió la opinion del tribunal.

Los hijos de Don José Loreto Ríos y su viuda, ésta por sí y representando a algunos de aquellos que son menores de edad, y todos como herederos de dicho señor, constituyeron en escritura de 6 de julio de 1910 hipoteca voluntaria a favor de la sociedad mercantil Sucesores de Roses y Cía. sobre una finca que aun está inscrita en el Registro de la Propiedad de Arecibo a nombre de su causante, y presentado el documento en dicho registro para su inscripción, la negó dicho registrador por el fundamento que consta en la nota que transcribimos y contra la que se ha interpuesto el presente recurso gubernativo:

"Denegada la inscripción de la hipoteca que comprende este documento, por resultar que la finca hipotecada se halla registrada por su inscripción primera a favor de Don José Loreto Ríos y Ramírez de Arellano, quien la adquirió por título de compra, siendo de estado casado, y que fué denegada su inscripción a favor de sus herederos

por no haberse practicado previamente la liquidación de la sociedad legal de gananciales llevada con Doña Antonia Villafaña Torrado, según resulta de la anotación letra A; y siendo tal defecto insubsanable, en cumplimiento de lo establecido en la sección 7ª. de la ley de 1º. de marzo de 1902, se tomó anotación preventiva que tendrá efecto legal durante ciento veinte días de esta fecha, al folio 116 vuelto del tomo 94 de Utuado, finca número 3546 duplicado, anotación letra D. Arecibo, 21 febrero, 1913.''

Por más que la mercantil recurrente sostiene su apelación por el único motivo de que inscrita una finca a favor de una persona casada, sus herederos pueden inscribir en *pro indiviso* los bienes de su causante sin necesidad de practicar previamente la liquidación de la sociedad legal de gananciales habida con la esposa del difunto, sin embargo, no es esa la cuestión que surge de la nota recurrida, sino la de si puede inscribirse un acto de enajenación o gravamen verificado por los herederos de la persona a cuyo favor está inscrita la finca sin que antes se haya hecho la inscripción a favor de ellos.

Del registro resulta que la finca sobre la que se constituye el gravamen está aun inscrita a nombre de Don José Loreto Ríos, porque fué negada la inscripción a favor de sus herederos y sin que se haga un asiento de inscripción a favor de los que han constituído el gravamen a favor de la mercantil recurrente, no puede verificarse la inscripción del título de esta sociedad por prohibirlo terminantemente el artículo 20 de la Ley Hipotecaria al exigir en su párrafo primero que para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen; y al ordenar en su párrafo cuarto que los registradores denieguen la inscripción cuando el derecho resulte inscrito a favor de persona distinta de la que otorgue la transmisión o gravamen.

Así, pues, mientras los herederos de Don José Loreto Ríos no inscriban previamente la finca a su nombre, no serán ins-

cribibles los actos o contratos por los que se transmita o grave algún inmueble o derecho real heredado. *Luiña Hermanos et al.* v. *Registrador de la Propiedad,* 3 D. P. R., 40; *Cabañas* v. *Registrador de la Propiedad,* 8 D. P. R., 78.

La nota recurrida debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.